ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT S. JENNINGS,            )<br>                                             )<br>            **Plaintiff,**             )<br>                                             )<br>vs.                                         )         Case No. 04-3297-JAR<br>                                             )<br>ANDREW FIELDS,                  )<br>                                             )<br>            **Defendant.**          ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Court now considers defendant Andrew Fields' Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted.[1] (Doc. 16.) Plaintiff is a pro se prisoner currently in custody at the Sedgwick County Detention Center (SCDC), in Wichita, Kansas. He filed this case under 42 U.S.C. § 1983, seeking injunctive relief based on denial of medical treatment for hepatitis C and diabetes. The only remaining defendant in this case is Dr. Fields, identified by plaintiff as the director of health care for the SCDC . Defendant now seeks dismissal on the ground that plaintiff's claim against him is nonjusticiable. Plaintiff has not responded to this motion and the time for doing so has long passed. Under District of Kansas Rule 7.4:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an

---

[1] The Court converted defendant's Motion to Dismiss into a Motion for Summary Judgment on June 7, 2005. (Doc. 19.)

uncontested motion, and ordinarily will be granted without further notice.[2]

## BACKGROUND

The following facts are uncontroverted.[3] Plaintiff's Amended Complaint seeks the following relief from Defendant: "I want the facility to be compelled to treat my Hepatitis C or to be ordered to release me, that I might seek relief. This treatment is available at many institutions and facilities, and if allow [sic], I would obtain the necessary treatment." Defendant is employed by Preferred Medical Associates, (PMA) a division of Via Christi Regional Medical Center, Inc. Although PMA had a contract with Sedgwick County at one time to provide medical services to residents at the SCDC, that contract was recently not renewed. The contract in effect at the time the Complaint was filed provided:

> 4. County and Clinic agree that individual physicians, . . . will render their professional services under this agreement as independent contractors and not as an [sic] officers, agents, or employees of County. County and Clinic agree that individual physicians, . . . are not entitled to any benefits provided by County to its employees.

Defendant submitted his own affidavit with his motion, showing that he is no longer affiliated with the SCDC. Defendant has not treated patients at the facility since February 22, 2005. Since September 13, 2004 when the Complaint was filed, plaintiff has been receiving treatment at the SCDC for his hepatitis C.[4]

## STANDARDS

---

[2] D. Kan. R. 7.4; *see* D. Kan. R. 6.1(d)(2).

[3] The Court considers the *Martinez* Report as part of the summary judgment record, as it is considered an affidavit. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *Mosier v. Maynard*, 937 F.2d 1521, 1524-25 (10th Cir. 1991). Likewise, the Court accepts plaintiff's Complaint to the extent that it alleges facts within his personal knowledge. *Hall*, 935 F.2d at 1111.

[4] Doc. 22, Fields Aff. and accompanying attachments.

Dr. Fields now moves to dismiss the Complaint, arguing that the claim is not justiciable because plaintiff's claim is moot. Because Dr. Fields relied upon matters outside the pleadings in order to establish his current employment, the Court converted the motion to dismiss into a motion for summary judgment and provided the plaintiff with an additional period of time to respond to the motion. Despite the fact that the Court enlarged plaintiff's time to respond until June 28, 2005, plaintiff failed to file any additional materials with the Court. In the meantime, SCDC filed a *Martinez* Report, attaching documentation surrounding plaintiff's claim. Therefore, the motion is now fully briefed and the Court is prepared to rule.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[6] An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[7] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[8]

The moving party bears the initial burden of providing the court with the basis for the motion

---

[5] Fed. R. Civ. P. 56(c).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7] *Id.*

[8] *Id.* at 251-52.

and identifying those portions of the record that show the absence of a genuine issue of material fact.[9] The Court may consider the *Martinez* Report as an affidavit when deciding a motion for summary judgment.[10] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[11] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[12] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set for specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[13] When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[14]

In a pro se case, the pro se litigant's pleadings are to be liberally construed and are held to a less stringent standard.[15] This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.[16] The court is not authorized to become the advocate for the pro se litigant.[17] "Despite the liberal construction afforded

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] *E.g., Mosier v. Maynard*, 937 F.2d 1521, 1524-25 (10th Cir. 1991).

[11] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[12] *Id.*

[13] *Id.*

[14] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Id.* at 1110.

[17] *Id.*

pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[18]  Moreover, plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding pro se.[19]  Pro se litigants must follow rules of procedure, including local rules.[20]  Plaintiff's pro se status, in and of itself, does not prevent this Court from granting summary judgment.[21]

**DISCUSSION**

Pursuant to 42 U.S.C. § 1983, any person who "under color of . . . [law] . . . subjects or causes to be subjected, . . .  any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  Section 1983 was enacted to provide protections to those persons wronged by the misuse of governmental power.  While the statute itself creates no substantive civil rights, it does provide an avenue through which civil rights can be redeemed.[22]  To state a claim for relief in a section 1983 action, a plaintiff must establish that he was, (1) deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law.[23]

The Court finds that defendant is entitled to summary judgment because plaintiff's claim has

---

[18]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[19]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[20]*Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).

[21]*See Northington v. Jackson,* 973 F.2d 1518, 1521 (10th Cir. 1992).

[22]*See Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir. 1995).

[23]*See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

...

become moot. A Complaint must satisfy the requirement imposed by Article III of the Constitution that "those who seek to invoke the power of the federal courts must allege an actual case or controversy."[24] This requirement requires courts to decline jurisdiction where "the award of any requested relief would be moot–i.e. where the controversy is no longer live and ongoing."[25] A claim should be "deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff."[26] "A case may become moot because events subsequent to the filing of the case have resolved the dispute and, as a result, there is no longer an actual controversy between adverse litigants."[27]

Here, the injunctive relief sought by plaintiff would provide no remedy to the conditions alleged by plaintiff. First, defendant is no longer affiliated with the SCDC. And, since the time plaintiff filed his Complaint, defendant's status as an independent contractor with the jail was terminated. Therefore, defendant may not be required to treat plaintiff under section 1983, as this cause of action only applies to prison officials. "A claim for prospective relief is [] mooted when the defendant is no longer in a position to engage in the challenged conduct."[28]

Furthermore, the record on summary judgment reveals that since the filing of the Complaint,

---

[24]*O'Shea v. Littleton*, 414 U.S. 488, 493 (1974);

[25]*Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded on other grounds by* 42 U.S.C. § 1981a; *Lewis v. Continental Bank Corp*, 494 U.S. 472, 477-78 (1990).

[26]*Beierle v. Colo. Dept. of Corr.*, 79 Fed. Appx. 373, 375 (10th Cir. 2003) (quoting *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999)).

[27]*District 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 987 (10th Cir. 2000).

[28]*See Bey v. Pa. Dept. of Corr.*, 98 F. Supp. 2d 650, 658 (E.D. Pa. 2000) (holding plaintiff's request for an injunction was moot because the defendant resigned from prison).

plaintiff has been treated for hepatitis C by officials at the SCDC. Therefore, any cognizable official capacity claim that plaintiff may have had against the County is likewise moot. Finally, the Court briefly notes that plaintiff's alternative request for release from confinement to seek treatment is an inappropriate remedy in section 1983 cases. "Challenges to the very fact of confinement, however, may be made only by filing a petition for habeas corpus."[29]

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Dismiss (Doc. 16), which has been converted into a motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Dated this  1st  day of November 2005.

 S/   Julie A. Robinson  
Julie A. Robinson  
United States District Judge

---

[29] *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).